No. 36,961

THE STATE OF KANSAS, *Appellee*, v. CHARLES STEELE,
*Appellant*, et al.

(187 P. 2d 382)

Opinion
filed December 6, 1947.

*W. H. Von Der Heiden* and *Cliff A. Morgan*, both of Newton, were on the briefs for the appellant.

*Edward F. Arn*, attorney general, and *Vernon A. Stroberg*, county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: An automobile owned by appellant was declared to be a common nuisance and ordered sold under the provisions of G. S. 1935, 21-2162, *et seq.*, relating to the use of automobiles in the unlawful transportation of intoxicating liquors. The only error assigned is the admission of hearsay testimony.

Appellant was not present at the trial and no showing was made by attorneys appearing in his behalf that he was unable to be present and submit to cross-examination. The state's case in chief consisted of the testimony of a highway patrolman who testified that he found the automobile in question in the ditch several miles east of Newton in Harvey county; that two people—later identified as appellant's mother and her husband—who had been drinking, were in the car; that found in the car were about forty pints of whisky and a number of bottles of beer. The state rested and the defendants—the appellant and the two persons found in the car—demurred to the evidence. The demurrer having been overruled, the defendants then offered the verified answer of appellant, which was also signed by his wife. No objection to admission of the answer was made. In the answer, appellant alleged that he had left the car with a friend—who subsequently became his wife—and that it had been borrowed from her without his knowledge or consent while he was working in eastern Kansas. The state then called the county attor-

ney's secretary who testified that she had taken a statement from appellant's mother in which she stated that appellant knew that the car was being taken on a trip to Missouri for the purpose of buying liquor and bringing it back. This testimony was admitted over objection that it was hearsay. Judgment was then entered ordering the automobile sold subject to several liens amounting to about $255.11, and directing that the proceeds be paid into court awaiting further order. Appellant moved for a new trial on the ground "that illegal testimony was admitted," and that the judgment was "contrary to the law and contrary to the evidence." The motion was overruled. The order overruling the demurrer to the state's evidence was not listed as one of the grounds for a new trial. Nor is the overruling of the demurrer specified as error upon this appeal.

We agree that the trial court erred in admitting the testimony of the county attorney's secretary. It was clearly hearsay and the alleged statement by appellant's mother was not given in his presence. But this does not require reversal of the judgment. It is not contended that the state's evidence did not make a prima facie case and as already noted, the order overruling the demurrer is not assigned as error. The answer filed by appellant cannot be considered as evidence. Under the provisions of G. S. 1935, 60-729, certain allegations in a pleading are to be taken as true unless denied under oath. But the allegations of the answer are not within any classification covered by the statute. Nor could the answer be treated as an affidavit admissible under the provisions of G. S. 1935, 60-2835. That statute prescribes conditions under which affidavits may be admitted as evidence. No contention is made that the statute was complied with. Moreover, even if the allegations of the answer were to be considered as evidence, the trial court was not compelled to believe them. No grounds are shown for reversing the judgment, and it is affirmed.